UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 2:19-cr-4-FtM-60NPM-1

URIAH WAGGERBY,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS EVIDENCE"

This matter is before the Court on Defendant's "Motion to Suppress Evidence," filed by counsel on August 14, 2019. (Doc. 118). On August 28, 2019, the United States of America filed a response in opposition to the motion. (Doc. 125). The Court held a hearing to address this matter on January 14, 2020.[1] (Doc. 147). After reviewing the motion, response, evidence, testimony, legal arguments, court file, and the record, the Court finds as follows:

### Background

The facts are largely undisputed. During its investigation of the death of Ronnie Billie, the Seminole Police Department took the statements of various witnesses or persons of interest, including Defendant Uriah Waggerby. Between November 5, 2016, and December 8, 2016, law enforcement officers interviewed

---

[1] At the hearing, the parties stipulated to the admission of exhibits, including four audio CDs, transcripts of the recorded interviews, two signed *Miranda* waivers, and Defendant's medical records. *See* (Exhibits 1, 1T, 2, 2T, 3, 3T, 4, 5, 5T, and 6). Detective Jarret Romanello testified on behalf of the Government; the defense did not call any witnesses.

Defendant on several occasions.[2] The interviews were recorded, and the Court reviewed the audio and transcripts provided by the parties prior to the hearing. During the interviews, Defendant made several inconsistent and/or incriminating statements that the Government intends to introduce at trial.

## **Legal Standard**

A confession is admissible "if it is voluntarily given." 18 U.S.C. § 3501. "If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels in deserves under all the circumstances." *Id.* The Eleventh Circuit has explained that "[t]he standard for evaluating the voluntariness of a confession is whether a person made an independent and informed choice of his own free will, possessing the capability to do so, his will not being overborne by the pressures and circumstances swirling around him. Voluntariness depends on the totality of the circumstances and must be evaluated on a case-by-case basis." *United States v. Rivera*, 372 Fed. App'x 958, 963 (11th Cir. 2010) (quoting *United States v. Castaneda-Castaneda*, 729 F.2d 1360, 1363 (11th Cir. 1984)). The Government bears the burden of demonstrating that the challenged statements were voluntary. *See, e.g., Missouri v. Seibert,* 542 U.S. 600, 608 n.1 (2004); *Colorado v. Connelly,* 479 U.S. 156, 168 (1986); *Miranda v. Arizona,* 384 U.S. 436, 475 (1966).

---

[2] The interviews occurred on November 5, 2016 (Exhibits 1 and 1T); December 1, 2016 (Exhibits 2 and 2T); December 7, 2016 (Exhibits 3 and 3T); and December 8, 2016 (Exhibits 5 and 5T). During the recorded interviews, law enforcement officers and Defendant refer to other unrecorded conversations, but those unrecorded conversations are not at issue.

## Analysis

In his motion, Defendant argues that his statements should be suppressed because he "did not, and could not, knowingly, intelligently, and voluntarily waive his rights" pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). At the suppression hearing, defense counsel conceded that Defendant was not "in custody" for *Miranda* purposes during any of the interviews. Consequently, the Court denied the motion to suppress to the extent that Defendant argued that his *Miranda* rights were violated. *See United States v. Street*, 472 F.3d 1298, 1310 (11th Cir. 2006) (explaining that "a person is in 'custody' for *Miranda* purposes only when there is a 'formal arrest or restraint on freedom of movement of the degree associated with a formal arrest'") (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). However, Defendant also contends that the statements themselves were not knowingly, intelligently and voluntarily made, and he requested a *Jackson-Denno* hearing so the Court could determine the admissibility of his statements outside the presence of the jury. Consequently, the Court held a hearing to consider the voluntariness of Defendant's statements to law enforcement officers. *See Jackson v. Denno*, 378 U.S. 368 (1967); *Miller v. Dugger*, 838 F.2d 1530, 1536 (11th Cir. 1988).

As grounds, Defendant argues that his statements should be suppressed due to drug and alcohol abuse, alleging that "[i]mmediately prior to the taking of the […] statements to law enforcement, the Defendant was abusing drugs and alcohol every day," and Seminole Police Department officers brought Defendant to the Fort Lauderdale Hospital for assessment and treatment following his final interview on December 9, 2016. Defendant also argues that his statements should be suppressed

because law enforcement officers promised to show him a video, but never produced a video, which, according to Defendant constituted a "ruse" to trick him into cooperating. Defendant further contends that detectives coerced his statements because they told him that he might get the death penalty.

***Drug and Alcohol Use***

In his motion, Defendant argues that his statements were involuntary due to drug and alcohol abuse. When a defendant claims that he was under the influence of drugs or alcohol at the time of his statements, the trial judge must determine whether his "will was overborne at the time he confessed." *Lynumn v. Illinois*, 372 U.S. 528, 534 (1963); *see also Parker v. Allen*, 565 F.3d 1258, 1280 (11th Cir. 2009). There is no evidence in the record here that Defendant was under the influence of drugs or alcohol during any or all of the interviews. More importantly, even if the Court were to assume that Defendant was under the influence of drugs or alcohol during any of the interviews, there is no evidence that his will was so overborne by drug and alcohol use that he was incapable of rational thought and free will. The audio recordings of Defendant's interviews with law enforcement are the best evidence on the issues the Court must determine. The audio recordings and related transcripts reflect that during each interview, Defendant was aware and alert, provided direct and coherent answers to questions from law enforcement officers, and presented his own detailed version of events. Consequently, no relief is warranted upon this ground.

***"Deception" with Video***

Defendant also argues that his statements should be suppressed because law enforcement officers engaged in deception by promising to show him a video without

producing the video, using the video as a "ruse" to question him.  Detective Romanello testified that a video existed but he had difficulty playing it for Defendant during the interview.  The record supports this testimony; it further appears that Defendant ultimately decided that he did not want to watch the video, and the interview was terminated at his request.  *See* (Ex. 2T, at 25–26; 40; 42; 58).

However, even if Detective Romanello's interpretation of events were inaccurate, case law establishes that deception or trickery based on a misrepresentation of fact is generally not enough to render a suspect's ensuing confession involuntary.  *See, e.g., United States v. Farley*, 607 F.3d 1294, 1328 (11th Cir. 2010); *United States v. Lall*, 607 F.3d 1277, 1285 (11th Cir. 2010).  This includes circumstances where law enforcement officers mislead a suspect by making misrepresentations about the existence or strength of evidence.  *Id*.  Instead, courts will hold that a statement is involuntary due to police deception only when other aggravating circumstances – such as a coercive threat – are present.  *Farley*, 607 F.3d at 1328.  In this particular case, even if law enforcement officers misrepresented facts concerning the existence or quality of video evidence, such deception is not enough to render Defendant's statements involuntary.  *See United States v. Carter*, No. CR415-131, 2016 WL 805693, at *3 (S.D. Ga. Jan. 14, 2016), *report and recommendation adopted*, No. CR415-131, 2016 WL 844829, at *1 (S.D. Ga. Mar. 1, 2016) (finding confession was voluntary even though law enforcement officers misrepresented facts regarding the nature and quality of video and audio evidence).  Consequently, no relief is warranted upon this ground.

*Death Penalty Threats*

Lastly, Defendant contends that detectives coerced his statements because they told him he could get the death penalty. Upon careful consideration of Detective Romanello's testimony and the record, the Court finds that although law enforcement officers may have made statements concerning potential penalties at some point, Defendant was not coerced to make any statements by threats of the death penalty or promises of a more lenient sentence. Initially, the Court notes that discussion about possible realistic penalties would normally be insufficient to render Defendant's statements involuntary. *See United States v. Quinn*, 123 F.3d 1415, 1423–24 (11th Cir. 1997) (explaining that discussions of realistic penalties would not normally preclude a defendant's free choice when making statements); *United States v. Nash*, 910 F.2d 749, 752–53 (11th Cir. 1990) (finding that the defendant's statements were not involuntary, and explaining that informing a defendant of the realistic penalties of an offense affords him the opportunity to make an informed decision concerning whether to cooperate with the government); *Carter*, 2016 WL 805693, at *3 (concluding that the defendant's statements were voluntary where officers warned the defendant of potential realistic penalties but did not make any promises of leniency in exchange for cooperation). Moreover, the record reflects that although the death penalty was referenced at some point, law enforcement officers neither threatened Defendant with the death penalty nor promised him any leniency in exchange for his cooperation. *See* (Ex. 5T, at 44–46). Consequently, no relief is warranted upon this ground.

## Conclusion

The best evidence on the issues presented by the instant motion is the audio recordings of the interviews that occurred. After carefully reviewing the audio recordings, transcripts, and other evidence presented at the hearing, the Court is convinced that the statements at issue here were knowingly, intelligently and voluntarily made. Accordingly, the statements are admissible, and the motion to suppress is denied. *See* 18 U.S.C. § 3501; *Rivera*, 372 Fed. App'x at 963.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Suppress Evidence" (Doc. 118) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this <u>3rd</u> day of March, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**