**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

v.                                                            Case No. 2:19-cr-4-FtM-60NPM-1

URIAH WAGGERBY,

　　　　Defendant.

_____/

**ORDER DENYING DEFENDANT'S "MOTION TO DISMISS**
**INDICTMENT FOR FAILURE TO ALLEGE AN ESSENTIAL**
**ELEMENT AND FOR LACK OF SUBJECT MATTER JURISDICTION"**

This matter is before the Court on Defendant's "Motion to Dismiss

Indictment for Failure to Allege an Essential Element and for Lack of Subject

Matter Jurisdiction," filed by counsel on January 23, 2020.  (Doc. 151).  On

February 27, 2020, the United States of America filed a response in opposition to

the motion.  (Doc. 157).  After reviewing the motion, response, court file, and the

record, the Court finds as follows:

**Background**

Defendant, Uriah Waggerby ("Defendant"), is charged with violation of 18

U.S.C. § 1951(a) (Conspiracy to Obstruct, Delay, and Affect Commerce by Robbery)

(Count I), violation of 18 U.S.C. §§ 1951(a)-(b) and 2 (Obstructing, Delaying, and

Affecting Commerce by Robbery) (Count II), and violation of 28 U.S.C. §§ 846 and

841(b)(1)(D) (Conspiracy to Possess with Intent to Distribute Controlled Substance -

Marijuana) (Count III).  According to the superseding indictment, Defendant and

his co-conspirators conspired and planned to take personal property – including

marijuana, marijuana wax, and United States currency – from Reuben Billie at his residence on the Big Cypress Reservation.  On November 1, 2016, they allegedly confronted Mr. Billie, and others, at Mr. Billie's residence, and subsequent events resulted in Mr. Billie's death.  While not specifically stated in the superseding indictment, Defendant and Mr. Billie are enrolled members of the Seminole Tribe of Florida.

## Analysis

In his motion, Defendant argues that the indictment should be dismissed due to (1) lack of subject matter jurisdiction, and (2) the failure to allege all essential elements.

### *Subject Matter Jurisdiction*

In his motion, Defendant argues that the indictment should be dismissed due to lack of subject matter jurisdiction.  Specifically, Defendant contends that the alleged offenses occurred on the Big Cypress Reservation, which is "Indian Country" as defined by federal law.  Defendant further argues that because none of the charged offenses are enumerated in the "Indian Major Crimes Act," 18 U.S.C. § 1153, this Court does not have subject matter jurisdiction over the matter.

The "Indian Major Crimes Act" enumerates several major offenses over which the federal courts retain exclusive jurisdiction.  On the other hand, the Indian Country Crimes Act ("ICCA" or "the Enclave Act"), 18 U.S.C. § 1152, provides that Indian tribes may retain jurisdiction over certain types of offenses.

Although it does not appear that the Eleventh Circuit has addressed this particular issue, other circuits have analyzed the subject matter jurisdiction of federal courts over general criminal offenses committed in Indian country.  The majority of appellate courts have held that the federal district courts have subject matter jurisdiction over these types of offenses.  *See, e.g.*, *United States v. Yannott*, 42 F.3d 999, 1004 (6th Cir. 1994) (holding that § 1153 "does not strip the federal court of jurisdiction of those crimes not enumerated therein; in fact, federal courts retain jurisdiction over violations of federal laws of general, non-territorial applicability"); *United States v. Drapeau*, 414 F.3d 869, 877 (8th Cir. 2005) (explaining that 18 U.S.C. § 1152 and its exceptions "do not extend or restrict the application of general federal criminal statutes to Indian reservations"); *United States v. Blue*, 722 F.2d 383, 384-86 (8th Cir. 1983) (holding that district courts maintain subject matter jurisdiction over general criminal offenses such as marijuana possession and distribution); *United States v. Mitchell*, 502 F.3d 931, 946 (9th Cir. 2007) ("[F]ederal court jurisdiction extends to intra-Indian violations of federal criminal laws of general, nationwide applicability."); *United States v. Barquin*, 799 F.2d 619, 621 (10th Cir. 1986) (noting that "tribal members are subject to general federal criminal statutes unless a particular Indian right or policy is infringed by enforcement of the law").

Two circuits have followed a different approach.  The Second and Seventh Circuits have generally found that even when general federal criminal statutes are involved, federal jurisdiction must be based on a peculiar federal interest.  *See*

*United States v. Markiewicz*, 978 F.2d 786, 799-800 (2d Cir. 1992); *United States v. Smith*, 562 F.2d 453, 458 (7th Cir. 1977).  However, the Court notes that the Seventh Circuit has also taken the position that district courts may properly exercise subject matter over non-enclave law offenses, such as drug prosecutions. *See United States v. Brisk*, 171 F.3d 514, 520-22 (7th Cir. 1999).[1]

The Court finds the reasoning and analysis of the Sixth, Eighth, Ninth, and Tenth Circuits to be more persuasive and will apply that law in this case.  The Court further finds that the cases cited by Defendant in support of his position – including *Quiver*,[2] *Ex parte Crow Dog*,[3] and *Antelope*[4] – are neither binding nor persuasive considering the facts alleged here.  As a result, the Court concludes that neither 18 U.S.C. § 1152 nor § 1153 establish a barrier to the prosecution of Defendant – a tribal member – in federal court for a violation of the instant offenses because the situs of the crime is not an essential element of these offenses. Consequently, the motion to dismiss is denied as to this ground.

### *Essential Elements*

Defendant also argues that the indictment should be dismissed due to the failure to allege an essential element.  Defendant contends that the indictment fails

---

[1] It should be noted that even if federal jurisdiction must be predicated on a peculiar federal interest, as is arguably required in the Second and Seventh Circuits, the Hobbs Act charges here (Counts I and II) appear to be "peculiarly federal" since they involve an effect on interstate commerce as an element of the offense.  Furthermore, the conspiracy to possess with intent to distribute a controlled substance charge (Count III) also appears to implicate a federal interest.

[2] *See United States v. Quiver*, 241 U.S. 602 (1916).

[3] *See Ex parte Crow Dog*, 109 U.S. 556 (1883).

[4] *See United States v. Antelope*, 430 U.S. 641 (1977).

to properly aver the status of Defendant and/or Rueben Billie (the alleged victim) as enrolled "Indians."

Because Indian persons are not exempt from generally applicable laws that are federal crimes regardless of where they occur, the Government did not rely on 18 U.S.C. §§ 1152 or 1153 to charge Defendant.  As a result, there are no additional pleading requirements or elements as to the tribal status of the persons involved. *See United States v. Bolt*, No. 82-CR-93-BT, No. 85-CR-36-C, 2018 WL 4760839, at *1-2 (N.D. Okla. Oct. 2, 2018).  Consequently, the motion to dismiss is denied as to this ground.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Dismiss Indictment for Failure to Allege an Essential Element and for Lack of Subject Matter Jurisdiction" (Doc. 151) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 28th day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**