# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 2:19-cr-4-TPB-NPM

SYLVANIS BRICE,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR NEW TRIAL

This matter is before the Court on "Brice's Motion for New Trial" (Doc. 354) and "Brice's Motion for New Trial" (Doc. 355). The United States of America filed a response in opposition. (Doc. 356). Defendant filed a reply.[1] (Doc. 361). Upon review of the motions, response, reply, court file, and the record, the Court finds as follows:

Defendant Sylvanis Brice was charged by a second superseding indictment with conspiracy to commit Hobbs Act robbery (Count One), Hobbs Act robbery (Count Two), and conspiracy to possess marijuana with intent to distribute (Count Three). (Doc. 232). Following a lengthy jury trial, he was found guilty of Counts One and Two, and not guilty on Count Three.

In his first motion (Doc. 354), Defendant argues that he is entitled to a new trial due to the following:

    (1) the Government violated Brady and Giglio by not disclosing prior to trial that the confidential source ("CHS") turned the recording device on and off several times when the source conversed with Defendant on January 24, 2017, which conflicted with a statement previously made by witness David Beall that the recording was continuous;

---

[1] Although Defendant did not seek leave to file a reply, in the interest of judicial economy, the Court will consider the reply.

    (2) the Government improperly asked several questions during its cross-examination of defense witness Jeff Giordano;

    (3) the Court erred by restricting cross-examination by defense counsel of several of the Government's witnesses, although he does not specify which witnesses or which questions would have been asked;

    (4) the Court erred by denying Defendant's Rule 29 motions;

    (5) the guilty verdicts are against the manifest weight of the evidence; and

    (6) the combination of errors deprived Defendant of due process and a fair trial.

In his second motion (Doc. 355), Defendant moves for a judgment of acquittal under Rule 29, claiming that the evidence was insufficient to support the guilty verdicts against him.

    The Court has considered the arguments and concludes that Defendant is not entitled to a new trial. First, considering Defendant's claim that the Government violated *Brady* and *Giglo*, the Court finds that no violation occurred here because there is no evidence that was favorable to Defendant that was withheld. The July 15, 2021, email is not evidence and is not exculpatory, and in any event, Defendant was aware of the prior statement. As the Government points out, it is not required to explain its evidence or tell the defense how a witness interprets that evidence. Next, the questions asked during the Government's cross-examination of defense witness Jeff Giordano were not improper in any way. Defendant's additional grounds for new trial are vague and conclusory, without merit, and do not warrant further discussion. The motion is denied.

    Defendant is also not entitled to a judgment of acquittal. Although Defendant argues that the jury verdict was contrary to the greater weight of the evidence, he does

not identify any particular deficiencies. Viewing all evidence in light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. This trial, which occurred over two weeks, presented substantial evidence of Defendant's guilt, including his own statements.

In addition, the not guilty verdict in Count Three is not inconsistent with the guilty verdicts in Counts One and Two. The jury was instructed to consider each defendant offense and the evidence related to that offense separately, and each defendant individually, when reaching its verdicts. Count Three included elements that were not required in Counts One and Two. But even if the verdicts were somehow inconsistent – which they are not – such inconsistency would not provide a basis to grant a new trial or a judgment of acquittal.

The evidence supported the jury's findings of guilt on Counts One and Two. The motion is denied.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this <u>7th</u> day of September, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**